19-3359-cr
United States v. Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-one.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                      19-3359-cr

JOHN DOE,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    WILLIAM J. DOBIE (Richard A. Greenberg, Steven Y. Yurowitz, *on the brief*), Newman & Greenberg LLP, New York, NY

FOR APPELLEE:    MICHAEL J. BUSHWACK, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Jacquelyn M. Kasulis, Acting United States Attorney, Eastern District of New York, New York, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

John Doe appeals from a July 1, 2019 order of the District Court (Seybert, J.) denying his motion to compel the Government to move for a reduction of his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.  In 2013, the District Court sentenced Doe to 30 years in prison for racketeering and conspiring to import cocaine into the United States.  On February 6, 2018, Doe

2

moved for an order compelling the Government to file a Rule 35(b) motion, arguing that he had provided substantial assistance to the Government after sentencing. The District Court denied the motion, and Doe appealed. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

Upon a motion from the Government made more than one year after sentencing, Rule 35(b) allows the district court to reduce a sentence if "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person," and if the assistance involved "information not known to the defendant until one year or more after sentencing." Fed. R. Crim. P. 35(b)(1)–(2). The Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). Thus, "although a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187.

"The extent of our review of the government's decision not to file a substantial assistance motion depends on whether the defendant acted pursuant

to a cooperation agreement." United States v. Roe, 445 F.3d 202, 207 (2d Cir. 2006). Where there is no cooperation agreement, as was the case here, a defendant is entitled to relief only if the Government's motion is withheld for an unconstitutional reason—if, for example, a prosecutor refused to file the motion "because of the defendant's race or religion" or for a reason "not rationally related to any legitimate Government end."[1] Id. (quoting Wade, 504 U.S. at 186).[2]

Here, the Government offered several reasons for its decision not to file a Rule 35(b) motion on Doe's behalf, including Doe's substantial criminal record, the fact that he had already benefitted from pre-sentence cooperation, and the Government's determination that the information he provided was unreliable

---

[1] Doe asserts on appeal that he had an oral cooperation agreement with the Government. But Doe forfeited that argument by failing to raise it before the District Court, and in any event the alleged agreement—an "offer[] to writ [Doe] back to the EDNY in furtherance of his agreed-upon efforts to secure a Rule 35 motion," App'x 232—included no promise from the Government to move for a reduction in sentence in exchange for substantial assistance.

[2] Generally, we review questions of law de novo and findings of fact for clear error. But we have not made clear the specific standard of review that applies to an appeal of a District Court's denial of a motion to compel the Government to file a Rule 35(b) motion. We need not decide this issue now, however, as we find no error in the District Court's decision even under de novo review.

and failed to uncover a prosecutable offense. These concerns were rationally related to legitimate government ends, and they each provide independent justification for the Government's refusal to file a Rule 35(b) motion. Doe responds that these stated reasons were pretextual and suggests that the Government's real aim in declining to file the motion was to protect its cooperating witnesses—whom Doe had implicated in new crimes—and to avoid having to make Brady or Giglio disclosures in cases where those cooperators had testified. But Doe provides no evidence that even suggests that these were the Government's true motives.[3] We therefore agree with the District Court that these "conclusory and unsubstantiated claims that the Government had unconstitutional motives" did not provide it "with a basis to second-guess the Government's decision." App'x 278.

---

[3] Doe insists that an Assistant United States Attorney informed Doe's counsel, after viewing certain evidence Doe provided to the Government, that Doe had uncovered wrongdoing and that he expected the Government to file a Rule 35(b) motion on Doe's behalf. See App'x 238-39. Even if this is true, Doe does not explain why the Government was not entitled to change its view of the value or reliability of his evidence, nor do these alleged statements support Doe's theory that the Government chose not to file the motion as part of a scheme to protect its cooperators.

We likewise find no error in the District Court's decision to deny Doe's request for an evidentiary hearing.  To be entitled to such a hearing, a defendant must make a "substantial threshold showing" that the government's reasons for refusing to submit a Rule 35(b) motion were "suspect."  <u>Wade</u>, 504 U.S. at 186 (quotation marks omitted).  Doe failed to make such a showing here.  "[G]eneralized allegations of improper motive," such as Doe's speculation that the Government declined to file a Rule 35(b) motion to protect its cooperators, do not suffice.  <u>Id</u>.

We have considered Doe's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court